VAN NORTWICK, J.
New Arena Square North & South, Ltd. (New Arena) appeals a final order of the Florida Housing Finance Corporation (FHFC), appellee, which, in determining whether to allocate low income housing tax credits to New Arena, found that New Arena was not entitled to an award of 15 points under the “site control” element of its application. Because no competent *1260 substantial evidence supports the appel-lee’s findings of fact, we reverse.
Congress created the low-income housing tax credit (LIHTC) as a part of the Tax Reform Act of 1986. Pub.L. No. 99-514, 100 Stat.2085 (1986). Codified in section 42 of the Internal Revenue Code, the LIHTC allows owners of qualified low-income rental housing to claim a tax credit annually over a ten-year period. I.R.C. § 42(f)(1) (1996). The LIHTC is allocated to each state, with each state receiving credit authority determined by multiplying $1.25 by the state population. I.R.C. § 42(h)(3)(c)®. Congress has given to the designated housing agency of each state the authority to distribute the LIHTC allocated to that state. I.R.C. § 42(h). The designated housing authority must establish a qualified allocation plan for distribution of the LIHTC, which plan must include, among other things, selection criteria and procedures to monitor noncompliance. I.R.C. § 42(m).
The Florida Legislature has delegated to FHFC the responsibility to distribute the LIHTC allocated to Florida, see section 420.5099(1), Florida Statutes (1997), “to encourage development of low income housing in the state.” See § 420.5099(2), Fla. Stat. (1997). FHFC has adopted administrative rules for its responsibilities under the LIHTC program. Ch. 67-48.023, et seq., F.A.C. Under these rules each application for LIHTC is evaluated and ranked for allocation purposes based upon a scoring system by which numerical points are awarded for satisfying various factors specified in the application. See rule 67-48.023, F.A.C. The issue before us involves the scoring for the “site control” element of the application.
New Arena is the developer of a low-income housing apartment community in Dade County and applied for an award of LIHTC in 1998. Of the 11 parcels making up its housing development, the record reflects that New Arena holds fee simple title in nine of the parcels and holds a 99-year ground lease on each of the other two parcels. The instructions to the FHFC application provide that 15 points are awarded if “site control” for the development is demonstrated by an applicant providing evidence of a recorded deed or recorded certificate of title and “an owner’s title insurance policy showing marketable title in Applicant’s name.” FHFC’s application form permits applicants to use other methods to demonstrate “site control,” however, FHFC will award 15 points for the site control element only if it is evidenced by recorded deed or certificate of title and the required form of title insurance policy.
As a part of its application, New Arena attached both a recorded certificate of title issued by the clerk of the circuit court for all 11 parcels and an owner’s title insurance policy covering all 11 parcels with New Arena named as the insured. The title insurance policy provides as to all 11 parcels, that, subject to the exclusions and exceptions contained in the policy (not applicable here), it “insures ... against loss or damage ... sustained or incurred by the insured by reason of ... unmarketability of the title.... ”
When FHFC evaluated New Arena’s application, it declined to score 15 “site control” points on the ground that New Arena did not possess a title insurance policy showing “marketable title” in all 11 parcels, because fee simple title to the two leased parcels was not in the appellant’s name. Upon review, see rule 67-48.005, F.A.C., an administrative hearing officer also recommended denial of the 15 site control points, reasoning that New Arena did not have a “title insurance policy showing marketable title in applicant’s name.” The FHFC adopted the hearing officer’s recommended order. This appeal ensued.
In reviewing the findings of fact of FHFC, we examine the record to determine only whether in entering the order on appeal the agency had available to it competent substantial evidence to support its findings. § 120.68(7)®), Fla. Stat. *1261 (1997); see Legal Envtl. Assistance Foundation, Inc. v. Clark, 668 So.2d 982, 987 (Fla.1996); see also De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957)(defining “competent substantial evidence”). As New Arena correctly argues, the record reflects that it demonstrated site control in a manner allowed by the FHFC application form by submitting both a recorded certificate of title and an owner’s title insurance policy that insured marketable title for all of the subject parcels. The record contains no evidence which would indicate that the title insurance coverage does not exist as stated in the application or that New Arena does not control all of the parcels in the development. Further, we find no authority for the contention of FHFC that the option to establish site control by filing an owner’s title insurance policy showing marketable title necessarily requires New Arena to be the fee simple owner of all the parcels. We have been cited to no authority expressly requiring an applicant to possess fee simple title as a condition of eligibility for an award of LIHTC. In fact, to the contrary, the FHFC application form allows “site control” also to be established by filing a copy of a long-term lease having an unexpired term of 50 years or more.
Because no competent substantial evidence in this record supports the finding that New Arena failed to submit a title insurance policy showing marketable title in applicant’s name, there was no factual basis in the record for FHFC to deny the award of 15 points for appellant’s site control. Accordingly, we reverse.
REVERSED and REMANDED for res-coring of appellant’s application and other proceedings consistent with this opinion.
WEBSTER AND DAVIS, JJ., CONCUR.